UNITED STATES DISTRICT COURT
DISTRICT OF SOUTHERN TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ZHANG YANG, Individually and On Behalf of All Others Similarly Situated, | Case No. _____ |
| Plaintiff, | |
| v. | CLASS ACTION COMPLAINT |
| NOBILIS HEALTH CORP., HARRY FLEMING, DAVID YOUNG, and KENNETH J. KLEIN, | JURY TRIAL DEMANDED |
| Defendants. | |

Plaintiff Zhang Yang ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Nobilis Health Corp. ("Nobilis" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired Nobilis securities between May 8,

2018 through November 15, 2018, both dates inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials .

2.      Nobilis is a full-service healthcare development and management company, with more than 30 locations across Texas and Arizona, including hospitals, ambulatory surgery centers, and multi-specialty clinics. In addition, the Company partners with more than 30 facilities across the country. Marketing nine independent brands, Nobilis purports to deploy a unique patient acquisition strategy driven by proprietary, direct-to-consumer marketing technology, focusing on a specified set of procedures that are performed at its facilities by local physicians. Nobilis' business model is designed to connect patients with physicians and delivers the highest quality healthcare.

3.      Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that the Company overstated its accounts receivables and revenue; (2) consequently, the Company would be required to delay the filing of its quarterly report on Form 10-Q; (3) such a delay would result in the Company falling in non-compliance with the New York Stock Exchange ("NYSE") listing requirements; and (4) that, as a result the Company's public statements were materially false and misleading at all relevant times.

4.      On August 2, 2018, the Company reported that its revenue for the second quarter 2018 was reduced due, in part, to a $2.4 million adjustment to its accounts receivable.

5. On this news, the Company's share price fell $0.20 per share, more than 17%, to close at $0.95 per share on August 2, 2018.

6. Then, on November 9, 2018, the Company disclosed that it is "re-evaluating the Net Realizable Value on its Accounts Receivable and intends to make a significant adjustment to the carrying value of accounts receivable, primarily on out of network claims greater than 365 days old." The Company filed for additional time to file its 10-Q for the period ended September 30, 2018 while the Company and the auditor completed their review of the financial statements.

7. On this news, the Company's share price fell $0.18 per share, more than 25%, to close at $0.52 per share on November 12, 2018.

8. Then, on November 15, 2018, the Company announced that it had received notice from the NYSE that the Company is not in compliance with the NYSE's continued listing requirements due to its failure to timely file its 10-Q.

9. On this news, the Company's share price fell $0.07 per share, more than 12%, to close at $0.48 per share on November 16, 2018.

10. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

11. The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

12. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and Section 27 of the Exchange Act.

13. Venue is proper in this Judicial District pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as the Company's principal executive offices are located within this Judicial District.

14. In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of a national securities exchange.

## PARTIES

15. Plaintiff, as set forth in the attached Certification, acquired the Company's securities at artificially inflated prices during the Class Period and were damaged upon the revelation of the alleged corrective disclosures.

16. Defendant Nobilis is incorporated under the laws of British Columbia with its principal executive offices located in Houston, Texas. Nobilis's common stock trades on the NYSE under the symbol "HLTH."

17. Defendant Harry Fleming ("Fleming") was the Chairman of the Board of Directors and Chief Executive Officer ("CEO") of the Company at all relevant times.

18. Defendant David Young ("Young") was the Chief Financial Officer ("CFO") of the Company from February 2017 to October 1, 2018.

19. Defendant Kenneth J. Klein ("Klein") has been the Company's Interim CFO since October 1, 2018.

20. The Defendants referenced above in ¶¶ 17-19 are sometimes referred to herein collectively as the "Individual Defendants.""

21. The Individual Defendants possessed the power and authority to control the contents of the Company's SEC filings, press releases, and other market communications. The Individual Defendants were provided with copies of the Company's SEC filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or to cause them to be corrected. Because of their positions with the Company, and their access to material information available to them but not to the public, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations being made were then materially false and misleading. The Individual Defendants are liable for the false statements and omissions pleaded herein.

## SUBSTANTIVE ALLEGATIONS

### Background

22. Nobilis is a full-service healthcare development and management company, with more than 30 locations across Texas and Arizona, including hospitals, ambulatory surgery centers, and multi-specialty clinics. In addition, the Company partners with more than 30 facilities across the country. Marketing nine independent brands, Nobilis purports to deploy a unique patient acquisition strategy driven by proprietary, direct-to-consumer marketing technology, focusing on a specified set of procedures that are performed at its facilities by local physicians. Nobilis' business model is designed to connect patients with physicians and delivers the highest quality healthcare.

**Materially False and Misleading Statements Issued During the Class Period**

23. The Class Period begins on May 8, 2018. On that day, the Company issued a press release to announce its first quarter 2018 financial results. It reported revenue of $64.5 million and accounts receivable was $133.4 million. The Company also provided full year 2018 guidance with revenue in the range of $345.0 million to $355.0 million and adjusted EBITDA in the range of $57.0 million to $62.0 million.

24. On August 2, 2018, the truth began to emerge when the Company reported that a new accounting standard regarding accounts receivable had impacted revenue. In its press release announcing second quarter 2018 financial results, the Company stated that revenue had decreased during the quarter by 13.5% compared to the prior corresponding period. The Company revised its full year 2018 guidance with revenue in the range of $315.0 million to $330.0 million and adjusted EBITDA in the range of $56.0 million to $59.0 million.

25. Also on August 2, 2018, the Company held a conference call with analysts to discuss its financial results. On that call, Defendant Young disclosed that due to the new accounting standard, all accounts receivable adjustments are recorded as reductions in revenue, rather than as bad debt expense as under the previous standard. Defendant Young elaborated that the Company "recorded $5.8 million related to this new guidance, $3.4 million of this amount related to a write-down of our lab revenues and the balance related to the write-off of over accounts receivable balances."

26. On this news, the Company's share price fell $0.20 per share, more than 17%, to close at $0.95 per share on August 2, 2018.

27. The above statements identified in ¶¶23-25 were materially false and/or misleading, and failed to disclose material adverse facts about the Company's business, operations,

and prospects. Specifically, Defendants failed to disclose to investors: (1) that the Company overstated its accounts receivables and revenue; (2) consequently, the Company would be required to delay the filing of its quarterly report on Form 10-Q; (3) such a delay would result in the Company falling in non-compliance with NYSE listing requirements; and (4) that, as a result the Company's public statements were materially false and misleading at all relevant times.

### Disclosures at the End of the Class Period

28. On November 9, 2018, the Company announced that it filed a Form 12b-25 Notification of Late Filing with the SEC relating to its 10-Q for the period ended September 30, 2018, stating in relevant part:

> In the filing, the Company stated that additional time is required for the Company and the auditor to complete their review of the Company's financial statements in order to finalize the 10-Q. ***The Company is re-evaluating the Net Realizable Value on its Accounts Receivable and intends to make a significant adjustment to the carrying value of accounts receivable, primarily on out of network claims greater than 365 days old***. The final adjustment is subject to the completion of the Company and the auditor's review. "We are deeply disappointed by the slow pace of our collection efforts that have resulted in this impact to our receivables, which will have a significant negative impact on our financial results for 2018. Over the last several months we have completely overhauled the process and leadership of our revenue cycle and continue to improve our billing and collection processes and procedures. We continue to work towards the collection of receivables," said Kenny Klein, CFO.
>
> This 12b-25 filing gives the company an additional 5 days to file its 10-Q and still be deemed to have been a timely filer. The company is working diligently with our auditors to complete the review of our financial statements.

(Emphasis added.)

29. On this news, the Company's share price fell $0.18 per share, more than 25%, to close at $0.52 per share on November 12, 2018.

30. On November 15, 2018, the Company announced that it had received notice from the NYSE that the Company is not in compliance with the NYSE's continued listing requirements due to its failure to timely file its 10-Q.

31. On this news, the Company's share price fell $0.07 per share, more than 12%, to close at $0.48 per share on November 16, 2018, on usually heavy trading volume.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired the Company's securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

33. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, the Company's securities were actively traded on the NYSE. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by the Company or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

34. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

35. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

36. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of the Company;

- whether the Individual Defendants caused the Company to issue false and misleading financial statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of the Company's securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

37. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

38.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- the Company's securities are traded in an efficient market;

- the Company's securities were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NYSE and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased, acquired and/or sold the Company's securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

39.     Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

40.     Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

**(Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)**

41.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

42. This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

43. During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities. Such scheme was intended to, and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of the Company's securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire the Company's securities and options at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

44. Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for the Company's securities. Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about the Company's finances and business prospects.

45. By virtue of their positions at the Company, Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants. Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth. In addition, each Defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

46. Information showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control. As the senior managers and/or directors of the Company, the Individual Defendants had knowledge of the details of the Company's internal affairs.

47. The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein. Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of the Company. As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to the Company's businesses, operations, future financial condition and future prospects. As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of the Company's securities was artificially inflated throughout the Class Period. In ignorance of the adverse facts concerning the Company's business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased or

otherwise acquired the Company's securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Defendants, and were damaged thereby.

48. During the Class Period, the Company's securities were traded on an active and efficient market. Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of the Company's securities at prices artificially inflated by Defendants' wrongful conduct. Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid. At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of the Company's securities was substantially lower than the prices paid by Plaintiff and the other members of the Class. The market price of the Company's securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

49. By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

50. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

# COUNT II

**(Violations of Section 20(a) of the <u>Exchange</u> Act Against The Individual Defendants)**

51. Plaintiff repeats and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

52. During the Class Period, the Individual Defendants participated in the operation and management of the Company, and conducted and participated, directly and indirectly, in the conduct of the Company's business affairs. Because of their senior positions, they knew the adverse non-public information about the Company's misstatement of income and expenses and false financial statements.

53. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to the Company's financial condition and results of operations, and to correct promptly any public statements issued by the Company which had become materially false or misleading.

54. Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which the Company disseminated in the marketplace during the Class Period concerning the Company's results of operations. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause the Company to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of the Company within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of the Company's securities.

55. Each of the Individual Defendants, therefore, acted as a controlling person of the Company.  By reason of their senior management positions and/or being directors of the Company, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, the Company to engage in the unlawful acts and conduct complained of herein.  Each of the Individual Defendants exercised control over the general operations of the Company and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

56. By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by the Company.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B. Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C. Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D. Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: January 14, 2019

                          Respectfully submitted,

                          */s/ Sammy Ford IV*
Sammy Ford IV
Federal Bar Number 950682
Texas Bar Number: 24061331
**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING PC**
1221 McKinney, Suite 2500
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062
Email: sford@azalaw.com


**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
Jonathan Lindenfeld
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
       ahood@pomlaw.com
       jlindenfeld@pomlaw.com


**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com

*Attorneys for Plaintiff*