United States District Court
Southern District of Texas
**ENTERED**
March 02, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ZANG YANG, Individually and on Behalf of all others similarly situated, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-19-0145 |
| | § | |
| NOBILIS HEALTH CORP., HARRY FLEMING, DAVID YOUNG, and KENNETH J. KLEIN, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Pending in this securities fraud case is Defendants' Nobilis Health Corporation, David Young and Kenneth J. Klein's Motion to Dismiss (Document No. 26), and Defendant Harry Fleming's Motion to Dismiss (Document No. 28). Also pending is Plaintiff's Motion to Show Cause (Document No. 30), which is based on the length of Defendants' Motion to Dismiss (exceeds the 20 page limit). In October 2019, after these motions were filed and fully briefed, Defendant Nobilis Health Corporation filed bankruptcy. That bankruptcy filing operates to automatically stay this case as it relates to Defendant Nobilis Health Corporation. It does not, however, automatically stay the case as it relates to the individual defendants, *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983) ("the protections of § 362 neither apply to co-defendants nor preclude severance"); *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985) ("By its terms the automatic stay applies only to the debtor, not to co-debtors under Chapter 7 or Chapter 11 of the Bankruptcy Code nor to co-tortfeasors"), all of whom are alleged to have made false statements about, and on behalf, of Nobilis Health Corporation. The liability of those individual defendants can

be adjudicated in the absence of Defendant Nobilis Health Corporation. Whether this case can, or should, proceed now, as against the individual defendants, is a different issue, which gives rise to concerns about whether the Court should exercise its discretion and stay this case in the interests of justice and in control of its docket. *Wedgeworth*, 706 F.2d at 545.

Here, the allegations in this case, as well as the circumstances surrounding Defendant Nobilis Health Corporation's bankruptcy and the proceedings associated therewith, including issues related to indemnification and insurance coverage, weigh in favor of an administrative stay of this proceeding. As represented by the parties, proofs of claim were recently due in the bankruptcy proceeding. In addition, there is currently a motion pending in the bankruptcy proceeding that relates to the availability of insurance coverage for defense costs and indemnification for the individual defendants. Moreover, while a ruling in the individual defendants' favor on their Motions to Dismiss would certainly not result in any prejudice to Defendant Nobilis Health Corporation or the bankruptcy proceeding, a ruling against the individual defendants could well affect Defendant Nobilis Health Corporation, and the bankruptcy proceeding. Where the claims of fraud as against the individual defendants are the same claims of fraud as against Nobilis Health Corporation, the undersigned concludes that a short administrative stay of this proceeding would further the interests of justice and economy. *See e.g., Blundell v. Home Quality Care Home Health Care, Inc.*, No. 3:17-cv-1990-L-BN, 2017 WL 5889715 *6-7 (N.D. Tex. Nov. 29, 2017) (administratively staying case against non-bankrupt defendants where the claims against the bankrupt defendant were the same claims as against the non-bankrupt defendants); *Tuller v. Tintri, Inc.*, Case No. 17-cv-05714-YGR, 2018 WL 4385652 *2-3 (N.D. Ca. Sept. 14, 2018) (finding, in a securities fraud case, that exceptional circumstances warranted an extension of the bankruptcy code's automatic stay to the

non-bankrupt individual defendants, and also finding, in the alternative, that a discretionary stay was warranted in the "interest of efficiency" and to "avoid relitigation of the issues presented"); *Springer v. Code Rebel Corp.*, 16-cv-3492 (AJN), 2017 WL 838197 *5-6 (S.D.N.Y. Mar. 2, 2017) (using equitable power to temporarily stay a securities fraud case against a non-bankrupt defendant where there were issues pending in the bankruptcy court as to indemnification and the scope, availability and coverage under a directors and officers insurance policy)

ORDERED that this proceeding is administratively STAYED for a period of sixty (60) days to allow the parties to participate in the bankruptcy proceeding of Defendant Nobilis Health Corporation, and obtain from the bankruptcy court any relief that would facilitate or further the resolution of this case. The pending Motions (Document Nos. 26, 28 and 30) are all denied without prejudice at this time, to be reurged, if appropriate upon the expiration of the stay. If a further stay is warranted, the parties shall so inform the Court prior to the expiration of this 60 day stay.

Signed at Houston, Texas, this 2d day of March, 2020.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE