United States District Court
Southern District of Texas
**ENTERED**
September 14, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ZHANG YANG, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:19-CV-145 |
| § | |
| NOBILIS HEALTH CORP., *et al*, § | |
| § | |
| Defendants. § | |

## ORDER

Pending before the Court is the Memorandum and Recommendation of the United States Magistrate Judge (Doc. No. 62), Lead Plaintiff Zhang Yang's ("Plaintiff") objections to that ruling (Doc. No. 64), the response to those objections filed by Defendants Harry Fleming, David Young, and Kenneth Klein (collectively, "Defendants") (Doc. No. 66), and Plaintiff's reply (Doc. No. 70). Having considered the objections and issues *de novo*, the Court hereby sustains Plaintiff's objections as to the Memorandum and Recommendation's conclusion regarding the pleadings as to misrepresentation and overrules his objections as to the pleadings concerning scienter.

The Memorandum and Recommendation concluded that Plaintiff did not plausibly allege an actionable misrepresentation. (Doc. No. 62 at 14–24). Plaintiff objects that the Memorandum and Recommendation relies on materials outside of the complaint and inappropriately weighs factual disputes. While the distinctions in play are quite fine and the line drawn by the Supreme Court in *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007) is somewhat nebulous and difficult to apply, the Court is concerned that the Plaintiff's complaint in this regard may have merit. "When reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by

reference, and matters of which a court may take judicial notice.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs*, 551 U.S. at 322). Additionally, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007).

A portion of the Memorandum and Recommendation's analysis on the claims of misrepresentation compares Plaintiff's allegations and inferences pleaded in the amended complaint with alternative compelling inferences. (S*ee, e.g.,* Doc. No. 52 at 17–20). The Memorandum and Recommendation concludes that the alternative inferences are so strong that they undercut the inferences in the Plaintiff's pleading that he needs to support a pleading of misrepresentation under the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §§78u-4(b)(1), 78u-4(b)(3)(A).

In particular, the Memorandum and Recommendation determined that the allegations based upon confidential witnesses' ("CW") allegations fail to support a claim of misrepresentation based on Defendants' statements relating to Nobilis' financial reporting and collection processes. (*See id.* at 17). The Recommendation found that the CWs' allegations that senior managers decided to keep uncollectible claims on the books despite being urged to write them off as uncollectible, did not necessarily support an inference of misrepresentation. Instead, it suggested that the senior managers' decisions to keep uncollectible claims on the books more probably gave rise to an inference of genuine disagreement between employees and managers about the collectability of the claims. (*See id.* at 18.). The Recommendation also suggested an alternative inference—that of good-faith misestimation by the senior managers. It noted that determinations on sophisticated matters like asset valuation can differ "reasonably and sizably." (*See id.* at 19–20 (quoting *Ind. Elec. Workers' Pension Trust Fund IBEW v. Shaw Grp., Inc.*, 537 F.3 527, 536 (5th Cir. 2008))).

2

Similarly, the Memorandum and Recommendation did not find the allegations based upon the CW's information to the effect that Defendants' split billing practices led to uncollectible bills to be probative of misrepresentation. Instead, it found many other practical, and more likely, reasons to engage in split billing. (*See id.* at 18).

Additionally, the Magistrate Judge rejected the Plaintiff's allegation of misrepresentation based on Defendant Young's visits to the business office. Plaintiff pleads that Defendant Young's repeated visits to the business office between February and July 2018 to oversee company collection efforts suggest that he had knowledge that the accounts were uncollectable, and thus his statements to the contrary were in fact misrepresentations. The Recommendation puts forth a contrary inference from Young's continued presence at the business office, namely that his consistent visits implied just the opposite: that he thought the accounts were, in fact, collectible. (*See id.* at 20).

Regardless of the persuasiveness of the Memorandum and Recommendation that Plaintiff failed to plausibly allege actionable misrepresentation, this Court is concerned that the conclusion was reached using sources outside the scope of those sources allowable when weighing a motion to dismiss and that it failed to treat factual allegations as true and in the light most favorable to Plaintiff.[1] While clearly and correctly stating the law, the Court is concerned that some of the Memorandum could be read as improperly conducting a "competing inferences" analysis when

---

[1] The Court recognizes that the PSLRA, as discussed later in the text, alters the traditional motion to dismiss analysis as to the scienter element of a securities fraud claim. That heightened pleading (and evaluated) standard, however, does not apply to any other element of a claim for securities fraud. *See, e.g., Lormand v. US Unwired, Inc.*, 565 F.3d 228, 267 (5th Cir. 2009) ("[W]e are not authorized or required to determine whether the plaintiff's plausible inference of loss causation is equally or more plausible than other competing inferences, as we must in assessing allegations of scienter under the PSLRA."). The Memorandum and Recommendation recognized that this heightened standard applies only to the element of scienter, and consequently this Court finds that it was the intent of the Memorandum and Recommendation to correctly apply the PSLRA. Nevertheless, it concerns this Court that the Memorandum and Recommendation could be read to have mistakenly applied the heightened standard to both the misrepresentation and scienter elements and might therefore give rise to a claim that the Act was misapplied to the misrepresentation element. (*See* Doc. No. 62 at 17–20). That is the primary reason this Court is not adopting that section.

evaluating the element of misrepresentation. (*See* Doc. No. 64 at 16). Accordingly, the Court does not adopt the Memorandum and Recommendation insofar as its finding that misrepresentation was not plausibly pleaded.

Turning to the scienter element, the Court overrules the Plaintiff's objections and adopts the Memorandum and Recommendation's analysis. Under the PSLRA, the pleading standard for the element of scienter in securities fraud claims is heightened. *See* 15 U.S.C. § 78u-4(b)(2)(A); *see also Tellabs*, 551 U.S. at 313–14. In particular, "[t]o withstand a motion to dismiss, 'an inference of scienter must be more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent.'" *Ala. Elec. Pension Fund v. Flotek Indus., Inc.*, 915 F.3d 975, 981–82 (5th Cir. 2019) (quoting *Tellabs*, 551 U.S. at 314). Moreover, the Supreme Court has stated that, "in determining whether the pleaded facts give rise to a 'strong' inference of scienter, the court *must* take into account plausible opposing inferences." *Tellabs*, 551 at 323 (emphasis added).

Specifically, the Memorandum and Recommendation determined that the combination of Defendants' actions, including signing certifications under the Sarbanes Oxley Act of 2002; Defendant Young's presence in the business office; and each Defendants' corporate positions, do not comprise a strong inference of scienter that withstands competing inferences. (Doc. No. 62 at 25). First noting that signatures alone never suffice to establish scienter, the court determined that Defendant Young's continued presence in the business office, even alongside his signed certification, does not outweigh the benign (and much stronger) inference that Young mistook the accounts as collectible, as stated above. (*Id.* at 25–26).[2]

---

[2] Indeed, a third inference may even be stronger and that is that Defendant Young knew the importance of collecting the receivables and his presence in the business office was to stimulate collection efforts.

4

The Memorandum and Recommendation further noted that corporate positions in themselves seldom support a strong inference of scienter, and that the Fifth Circuit has found those to be a permissible inference of scienter only when accompanied by "special circumstances." (*Id.* at 26). The circumstances that comprise the exception permitting an inference of scienter based on corporate position include: "(1) a small company in which corporate executives are likely to be familiar with day-to-day operations, (2) transactions 'critical to the company's continued vitality,' (3) omitted information readily apparent to the speaker, and (4) internally inconsistent statements by the officer." (*Id.* (citing *Carlton v. Cannon,* 184 F.Supp.3d 428, 459–60 (S.D. Tex. 2016))). The Magistrate Judge emphasized that the Fifth Circuit has never applied this exception in the absence of a small company, and easily concluded that with nine hundred employees, Nobilis is not small. (*Id.*) The Magistrate Judge also easily dispensed with the other three special circumstances that could possibly support an inference of scienter, concluding they do not apply. (*Id.* at 27–28).

The Court agrees with the conclusion that the inferences of scienter alleged in the amended complaint are outweighed by stronger competing inferences. The Court also adopts the Memorandum and Recommendation's rejection of establishing scienter through special circumstances. (*See* Doc. No. 62 at 26–28). Accordingly, the Court adopts in full the conclusion that Plaintiff failed to plausibly allege scienter in the amended complaint in compliance with the requirements of the PSLRA. (*See id.* at 28).

Therefore, the Memorandum and Recommendation of the Magistrate Judge (Doc. No. 62) is adopted as to its conclusions concerning the pleadings of the scienter element, but not as to its recommendations relating to the pleadings of misrepresentation. Since scienter is required for Plaintiff to state a securities fraud claim under Section 10(b) and Rule 10b-5, the Court's adoption

of the Report's scienter recommendation alone warrants dismissal. *See* 15 U.S.C. § 78u-4(b)(2); 17 C.F.R. § 240.10b-5; *see also Flotek Indus.*, 915 F.3d 975, 981 (5th Cir. 2019) (*Neiman v. Bulmahn*, 854 F.3d 741, 746 (5th Cir. 2017)). Defendants' Motions to Dismiss (Doc. Nos. 26 and 28) are GRANTED.

SIGNED at Houston, Texas this 14th day of September, 2020.

Andrew S. Hanen
United States District Judge