UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ZHANG YANG, Individually and on Behalf of All Others Similarly Situated,<br><br>                           Plaintiff,<br><br>        v.<br><br>NOBILIS HEALTHCARE CORP., HARRY FLEMING, DAVID YOUNG, KENNETH J. KLEIN,<br><br>                           Defendants. | Case No. 4:19-cv-00145-ASH<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN INDICATIVE RULING UNDER RULE 60(b)** |

      Lead Plaintiff Zhang Yang ("Plaintiff") respectfully submits this opposition to Defendants' motion for leave to file a repetitive brief in an attempt to have the last word on Plaintiff's motion (ECF No. 78). Once again, Defendants ignore the Court's Local Rules and the Court's admonishment not to file repetitive briefs (ECF No. 67). In this Court, reply briefs are limited to any new arguments, authority or evidence presented by the opposing party in the response. *See* Rule 7(D) of Judge Hanen's Rules on Civil Procedures. That is exactly what Plaintiff's Reply brief did when it addressed Defendants' new arguments regarding due diligence, the sufficiency of BBVA USA's complaint in demonstrating that each Individual Defendant had knowledge of the Company's uncollectable, aged accounts receivable, and whether Defendants' groundless claim that Rule 60(b)(3) applies only to discovery orders had any merit.

      Defendants' proposed sur-reply merely repeats arguments already raised in their opposition brief. *See* ECF No. 76 at 9-13 (extensively arguing that Plaintiff did not exercise diligence in scouring the world's dockets prior to dismissal to find a "publicly available" complaint.); *Id.* at 13-14 (arguing, without any real legal support, that damaging facts revealed in related complaints are merely allegations, not "evidence."); *Id.* at 15 (repeating claim that "bundling of Defendants is not enough.").

1

Nothing has changed. Defendants would have this Court rule that Plaintiff failed to exercise ***reasonable*** diligence because his counsel did not continuously conduct a worldwide docket search for any and all cases that named a party in this Action ***prior to dismissal*** even though Defendants ***still*** cite no authority that imposes such an unreasonable obligation on Plaintiff. ECF No. 78-1 at 3-6.

Defendants also repeat the claim that credible evidence cited in another party's complaint can never be a basis for vacating the dismissal even though they ***still*** do not deny the existence or authenticity of the documents cited in the bank's complaint or deny the admissions attributed to each Individual Defendant in the bank's complaint. *Id.* at 6-8.

Defendants again continue their quest to elevate the pleading standard for scienter by making demands that Plaintiff plead smoking-gun evidence or evidence of actual knowledge even though neither Supreme Court or Fifth Circuit precedent require the Plaintiff to do any such thing. *Id.* at 9-11.

Sur-replies in the Southern District of Texas are "highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on the matter." *See Bayway Lincoln Mercury, Inc. v. Universal Underwriters Ins. Co.*, Civil Action No. H-19-3817, 2020 U.S. Dist. LEXIS 248125, at *3-5 (S.D. Tex. Dec. 4, 2020) (internal citations and quotation marks omitted). Leave to file sur-replies is denied when a party "seeks only to respond to arguments—***even new ones***—relating to an issue the party already addressed in its response." *BHL Boresight, Inc. v. Geo-Steering Sols., Inc.*, Civil Action No. 4:15-CV-00627, 2017 U.S. Dist. LEXIS 136227, at *8 (S.D. Tex. Aug. 24, 2017) (internal quotation marks and citations omitted, emphasis added).

Defendants have repeated arguments time and again throughout this litigation. Repetition does not add weight to the arguments, and all the arguments are ***still*** without merit. *See e.g.*, *In re Mylan N.V. Sec. Litig.*, 379 F. Supp. 3d 198, 214-15 (S.D.N.Y. 2019) (sustaining scienter allegations based on facts pled in another credible complaint with particularized allegations after extensively studying the issue to conclude that neither the "weight of authority" "nor logic" requires courts to disregard damaging facts revealed in an unadjudicated complaint); *In re Aveo*

*Pharmaceuticals Inc. Sec. Litig.*, No. 1:13-cv-11157, ECF No. 110 (D. Mass. Jan. 3, 2017) (vacating dismissal pursuant to Rule 60(b)(2) based on previously undisclosed documents cited in another complaint brought in a related action).

The Court should deny leave to file a repetitive sur-reply.

Dated: March 23, 2021

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Omar Jafri*

Patrick V. Dahlstrom
Omar Jafri
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: (312) 377-1181
Facsimile: (312) 229-8811
Email: pdhalstrom@pomlaw.com
ojafri@pomlaw.com

**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING PC**

Sammy Ford IV
Federal Bar Number 950682
Texas Bar Number: 24061331
1221 McKinney, Suite 2500
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062
Email: sford@azalaw.com

*Attorneys for Lead Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule 5.1 on March 23, 2021.

/s/ *Omar Jafri*

Omar Jafri

4