United States District Court
Southern District of Texas
**ENTERED**
April 01, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ZHANG YANG, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:19-CV-145 |
| § | |
| NOBILIS HEALTH CORP., *et al*, § | |
| § | |
| Defendants. § | |

## ORDER

Pending before the Court is Lead Plaintiff Zhang Yang's ("Plaintiff") Motion for Indicative Ruling Under Rule 60(b). (Doc. No. 75). Defendants Nobilis Healthcare Corp. ("Nubilis"), Harry Fleming ("Fleming"), David Young ("Young"), and Kenneth J. Klein ("Klein") (collectively "Defendants") filed a Response in opposition, (Doc. No. 75), and Plaintiff filed a Reply in support. (Doc. No. 77).

### I.     Legal Standard

"A party may file a rule 60(b) motion at any time within one year after judgment, even if an appeal is pending, and the denial of that motion is appealable separately from the underlying judgment. The Fifth Circuit has set forth a specific procedure concerning how to handle a Rule 60(b) motion for relief from a judgment while the judgment is on appeal. "Under this procedure, a notice of appeal divests the district court of jurisdiction 'except to take action in aid of the appeal until the case is remanded to it by the appellate court, or to correct clerical errors under Rule 60(a).'" *Karaha Bodas Co., L.L.C. v. Perusahaan Perambangan Minyak Dan Gas Bumi Negara*, No. 02-20042, 2013 WL 21027134, at *4 (5th Cir. Mar. 5, 2003) (quoting *Travelers Ins. Co. v. Liljeberg Enters.*, 38 F.3d 1404, 1407 n. 3 (5th Cir. 1994)). A district court may consider and deny

the Rule 60(b) motion filed after a notice of appeal, but it may not grant the motion without leave from the appellate court. *Karaha Bodas*, 2013 WL 21027134, at *4.

> Under the Fifth Circuit's procedure:
>
> [T]he appellate court asks the district court to indicate, in writing, its inclination to grant or deny the Rule 60(b) motion. If the district court determines that the motion is meritless, the appeal from the denial is consolidated with the appeal from the underlying order. If the district court is inclined to grant the motion, it should issue a short memorandum so stating.

*Id.* Rule 60(b) provides that a court may relieve a party from a final judgement for the following:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

## II. Analysis

The Court first notes that the Fifth Circuit has affirmed its final judgment in this case. *See Yang v. Nobilis Health Corp et al.*, No. 20-20538, 2021 WL 3619863 (5th Cir. Aug. 13, 2021). . The *Karaha Bodas* case makes clear that after a notice of appeal, the district court is divested of jurisdiction "except to take action in aid of the appeal." *Karaha Bodas*, 2013 WL 21027134, at *4. It is true that Plaintiff filed his motion in a timely manner; however, because the Fifth Circuit has since affirmed the judgment, the case is no longer on appeal. Furthermore, the Fifth Circuit never ordered the Court to indicate whether it would be inclined to grant or deny the Rule 60(b) motion. *See Karaha Bodas*, 2013 WL 21027134, at *4. The case is no longer on appeal, and as a result, the Court is convinced that it does not have jurisdiction.

Nevertheless, in the event this Court does have jurisdiction to consider Plaintiff's Motion, the Court denies the motion for the reasons explored below.

Plaintiff argues he should be relieved from final judgment for two reasons. First, Plaintiff contends that newly discovered evidence shows that Defendants acted with scienter when they allegedly misrepresented the company's financial reporting and collections process and its ability to collect on its accounts receivables. (Doc. No. 75 at 6–9). Plaintiff points to a complaint filed in a separate—*BBVA USA v. Fleming et al.*[1]—to support his claim. (Doc. No. 75 at 3–4). The Fifth Circuit has made clear that a complaint is not evidence of the charges contained in it. *American Cancer Soc. v. Cook*, 675 F.3d 524, 529 (5th Cir. 2012). The Court denies Plaintiff's Motion as it pertains to the newly discovered evidence.

Plaintiff additionally argues that it should be relieved from final judgment due to Defendants alleged "improper factual attacks" on the accounts offered by Confidential Witnesses ("CW"). To prevail on a Rule 60(b)(3) claim, a "movant must muster clear and convincing evidence (1) that the adverse party engaged or fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Nat'l City Golf Fin., a Div. of Nat'l City Com. Cap. Co., L.L.C. v. Scott*, 899 F.3d 412, 418–19 (5th Cir. 2018). Plaintiff offers no evidence of misconduct to support his claims. Plaintiff's Motion is denied on this issue.

For the foregoing reasons, Plaintiff's Motion is dismissed for lack of jurisdiction. (Doc. No. 75).

SIGNED at Houston, Texas this 1st day of April, 2022.

Andrew S. Hanen
United States District Judge

---

[1] No. 3:20-cv-01708-M, ECF No. 1-3 (N.D. Tex. June 26, 2020).

3